| | |
|---|---|
| Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and Medtronic, Inc., | Case No. 0:17-cv-00943 (SRN/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Patrick B. Gannon, | |
| Defendant. | |

Jonathan S. Parritz, Melissa R. Muro LaMere, Wayne S. Moskowitz, and William Z. Pentelovitch, Maslon LLP, 90 South Seventh Street, Suite 3300, Minneapolis, Minnesota 55402, for Plaintiffs.

Anthony Barrett Haller and Leigh Ann Buziak, Blank Rome LLP, One Logan Square, 130 North Eighteenth Street, Philadelphia, Pennsylvania 19103, Mary L. Knoblauch, Anthony Ostlund Baer & Louwagie PA, 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the Court on two motions: Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer [Doc. No. 4] ("Motion to Dismiss"), and Plaintiffs' Motion to Remand [Doc. No. 13].

Defendant Patrick Gannon ("Gannon") removed this case to federal court from Anoka County District Court where it was originally filed. Plaintiffs Medtronic, Inc., Medtronic Sofamor Danek, Inc., and Medtronic Sofamor Danek USA, Inc. (collectively "Medtronic") maintain that Gannon is bound to litigate this claim in Minnesota state court by a valid forum selection clause in his employment contract. The Court finds that the forum selection clause is binding and grants Medtronic's Motion to Remand. Consequently, the Court does not reach Gannon's Motion to Dismiss.

## II.    STANDARD

28 U.S.C. § 1441 generally provides a defendant in a state civil case the right to remove that case to federal district court, assuming the case could have been brought there originally. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). In turn, the plaintiff may move to have the case remanded if subject matter jurisdiction is lacking, or if some other defect makes removal improper. *See* 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden to demonstrate federal jurisdiction, and all doubts should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "In addition to the notice of removal and its exhibits, to determine whether there is jurisdiction, the court may consider documents submitted after the notice of removal as well as those attached to subsequent motions." *In re Trusts*, 241 F. Supp. 3d 905, 914 (D. Minn. 2017) (quoting *Guggenberger v. Starkey Labs., Inc.*, No. 16-cv-2021, 2016 WL 7479542, at *5 (D. Minn. Dec. 29, 2016)); *see also Willingham v. Morgan*, 395 U.S. 402, 407-08, 407 n.3 (1969) (considering affidavits submitted after

removal to determine that the district court had subject matter jurisdiction); *Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-65 (8th Cir. 2016) (per curiam) (same).

Courts to have considered the issue, including the Eighth Circuit, have concluded that removal in the face of a valid forum selection clause fixing venue in the state courts is the sort of defect that qualifies a case for remand. *See, e.g.*, *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005); *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001); *Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988). Eighth Circuit precedent requires any waiver of the right to remand to be "clear and unequivocal." *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989).

## III.    BACKGROUND

On March 3, 2015, Gannon began an employment relationship with Medtronic by signing three documents: the Offer Letter, the Employee Agreement, and the Repayment Agreement. (*See* Notice of Removal, Ex. 1, pt. 1 [Doc. No. 1-1], at 49-63; pt. 2 [Doc. No. 1-2], at 278.)[1] Each document's contents will be explored below, but at the outset it should be noted that the Employee Agreement contains a forum selection clause, mandating that litigation of disputes "arising out of or related to this Agreement" take place in Minnesota state court. (*Id.*, pt. 1, at 57.) Gannon is a Massachusetts citizen, and has lived in Massachusetts during all times relevant to this Order. (Gannon Decl. [Doc. No. 8], at 1-2.)

---

[1]    All references to page numbers in this Opinion are those assigned by the CM/ECF system.

## A. Procedural History

In late 2016, Gannon left his employment with Medtronic and returned to his prior employer, DePuy Spine. (Notice of Removal, Ex. 1, pt. 1, at 23.) Medtronic brought suit in Anoka County District Court in the state of Minnesota, alleging that Gannon breached the restrictive covenant in the Employee Agreement and that DePuy Spine intentionally interfered with the contract between Gannon and Medtronic. (*Id.* at 43-45.) Medtronic later filed an Amended Complaint, which added an additional count against Gannon. (*Id.*, pt. 2, at 156-84.) Count five of the Amended Complaint seeks damages for Gannon's failure "to perform his repayment obligations under the Repayment Agreement" between Gannon and Medtronic. (*Id.* at 181.)[2]

Gannon moved to dismiss count five of the Amended Complaint for lack of personal jurisdiction. (*Id.* at 258-74.) Before the state court could rule on that motion, however, the parties settled counts one through four of the Amended Complaint. (*Id.*, pt. 3 [Doc. No. 1-3], at 115-123.) With DePuy Spine no longer part of the case, Gannon removed to this Court on the basis of diversity jurisdiction. (Notice of Removal [Doc. No. 1].)[3] He then renewed his motion to dismiss for lack of personal jurisdiction, and further moved for

---

[2] At approximately the same time, Gannon brought suit in Massachusetts state court, seeking a declaratory judgment that the Repayment Agreement is not enforceable under the Massachusetts Wage Act. (Buziak Decl., Ex. A [Doc. No. 9-1], at 10-12.) That claim has been removed to federal district court in Massachusetts and is pending. (Buziak Decl. [Doc. No. 9].)

[3] Medtronic does not dispute that the requirements of diversity jurisdiction are met here. (*See* Mem. in Supp. of Pl.'s Mot. to Remand to Anoka County District Court [Doc. No. 15] ("Pl.'s Mem. in Supp."), at 15 n.1.)

dismissal based on improper venue or transfer to the federal district court for the District of Massachusetts. (*See* Def.'s Mem. in Supp. of Renewed Notice of Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Transfer [Doc. No. 6] ("Def.'s Mem. in Supp."), at 1.) Medtronic moved to remand to Minnesota state court, arguing that Gannon is bound by the forum selection clause in the Employee Agreement. (*See* Mem. in Supp. of Pl.'s Mot. to Remand to Anoka County District Court [Doc. No. 15] ("Pl.'s Mem. in Supp."), at 1-2.)

**B. Contractual Documents**

Gannon signed the Offer Letter, Employee Agreement, and Repayment Agreement on the same day. (*See* Notice of Removal, Ex. 1, pt. 1, at 49-63; pt. 2, at 278.) The Offer Letter represents itself as "a formal offer of employment at Medtronic." (*Id.*, pt. 1, at 60.) It states that "[t]his offer is contingent upon your signing the attached Employee Agreement and the Sales Guarantee Repayment Agreement." (*Id.* at 61.) The Offer Letter includes basic information about the employment, including start date, compensation structure, vacation time, and training. (*Id.* at 60-62.) Gannon signed under a passage that states, "I, Patrick Gannon, accept this offer of employment and agree to the terms and conditions outlined in this letter." (*Id.* at 63.)

The Repayment Agreement is a one-page document that sets out the terms of Gannon's compensation under a sales guarantee arrangement. (*Id.*, pt. 2, at 278.) Medtronic promised to pay Gannon $900,000 over a three-year guarantee period, on the condition that, "if [Gannon] voluntarily terminates from Medtronic during the Guarantee

Period or within one year after the end of the Guarantee Period, [Gannon] must pay back to Medtronic the difference between" Gannon's earned commissions and his payments under the guarantee plan. (*Id.*) Count five of the Amended Complaint alleges that Gannon violated the Repayment Agreement by leaving before the guarantee period had ended and failing to repay the difference between his earned commissions and the sales guarantee. (*Id.* at 181.) The Offer Letter also describes the parameters of this sales guarantee plan, but does not specify the payment amount. (*Id.*, pt. 1, at 60-61.) The Repayment Agreement itself does not mention forum selection. (*Id.*, pt. 2, at 278.)

The Employee Agreement is the largest document of the three and primarily deals with confidentiality, the restrictive covenant, and proprietary inventions. (*Id.* at 49-59.) The Employee Agreement includes the following forum selection clause:

> Any dispute arising out of or related to this Agreement, or any breach or alleged breach hereof, shall be exclusively decided by a state court in the State of Minnesota. Employee irrevocably waives Employee's right, if any, to have any disputes between Employee and MEDTRONIC arising out of or related to this Agreement decided in any jurisdiction or venue other than a state court in the State of Minnesota. Employee hereby irrevocably consents to the personal jurisdiction of the state courts in the State of Minnesota for the purposes of any action arising out of or related to this Agreement.

(*Id.* at 57.) The Employee Agreement also states, in § 8.4, that "nothing in this Agreement invalidates, renders null or void, or otherwise affects any term or provision of any MEDTRONIC compensation or benefit plan or any agreements related thereto." (*Id.* at 58.)

Gannon argues that the forum selection clause from the Employee Agreement cannot apply to Medtronic's suit under the Repayment Agreement. (Def.'s Mem. in Supp., at 10-18.) Gannon further argues that the Minnesota courts cannot exercise personal jurisdiction

over him without the forum selection clause, and that the case should therefore be dismissed or transferred to the District of Massachusetts. (*Id.* at 7-10, 20-24.)

Medtronic makes no claim that Minnesota can independently exercise personal jurisdiction over Gannon, but moves to remand solely on the basis of the forum selection clause in the Employee Agreement. (*See* Mem. in Opp. to Def.'s Renewed Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer [Doc. No. 19] (Pl.'s Mem. in Opp."), at 1-2; Pl.'s Mem. in Supp., at 1-2) Medtronic argues that the three contractual documents that Gannon signed on March 2, 2015, should be read together as one contract. (Pl.'s Mem. in Supp., at 8-11.)

## III. DISCUSSION

Gannon does not dispute that the forum selection clause in the Employee Agreement, if applicable to this case, requires remand to the Minnesota state court where it was originally filed. (Reply Mem. in Supp. of Def.'s Renewed Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer [Doc. No. 28] ("Def.'s Reply"), at 7.) Even if Gannon were to dispute this point, the forum selection clause here is substantially similar to a clause that this Court held enforceable in *Valspar Corp. v. Sherman*, 211 F. Supp. 3d 1209 (D. Minn. 2016). The Court concludes that the forum selection clause constitutes a "clear and unequivocal" waiver of the right to remove to federal court. *See Weltman*, 879 F.2d at 427; *Valspar*, 211 F. Supp. 3d at 1211-13. If the clause governs Medtronic's remaining claim against Gannon, then the case must be remanded to Minnesota state court.

## A. Applicable Law

The Minnesota Supreme Court[4] has stated that "instruments executed at the same time, for the same purpose, and in the course of the same transaction are, in the eyes of the law, one instrument and will be read and construed together unless the parties stipulate otherwise," even if the instruments "do not in terms refer to each other." *Marso v. Mankato Clinic, Ltd.*, 153 N.W.2d 281, 288-89 (Minn. 1967); *accord Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001); *Boston Sci. Corp. v. Kiland*, No. 10-cv-4053, 2011 WL 3035088, at *3 (D. Minn. July 25, 2011); *Roemhildt v. Kristall Dev., Inc.*, 798 N.W.2d 371, 373 (Minn. Ct. App. 2011); *Farrell v. Johnson*, 442 N.W.2d 805, 806 (Minn. Ct. App. 1989). "'Whether separate documents executed simultaneously should be treated as a single contract is governed by the intent of the parties manifested at the time of contracting and viewed in light of the surrounding circumstances' and is not contingent on a finding of ambiguity." *Roemhildt*, 798 N.W.2d at 373 (quoting *Farrell*, 442 N.W.2d at 807).

## B. Analysis

Gannon argues that the Employee Agreement cannot be read together with the Repayment Agreement because the Employee Agreement is narrowly focused on issues of

---

[4]     Gannon has not objected to the application of Minnesota state law to interpret the contractual documents at issue, (*see* Def.'s Mem. in Supp.; Def.'s Reply,) and applying Minnesota law here is not inconsistent with precedent, *see Knutsen v. Rexair, Inc.*, 749 F. Supp. 214, 216 n.1 (D. Minn. 1990) ("[O]ur Eighth Circuit Court of Appeals, recognizing that contractual forum selection clauses share both substantive and procedural aspects, has applied state law to analyze similar clauses in the past.").

confidentiality, customer relationships, and the like. (Def.'s Mem. in Supp., at 10.) Gannon emphasizes that the Employee Agreement and the Repayment Agreement do not refer to each other, except in § 8.4 of the Employee Agreement, which states that the Agreement will not "affect[] any term or provision of any MEDTRONIC compensation or benefit plan." (*Id.* at 10-11.) Gannon further argues that, if the Court applies the forum selection clause from the Employee Agreement, it must also apply the Minnesota choice of law provision, which would deprive Gannon of his "rights as a Massachusetts citizen to be protected by the dictates of the Massachusetts legislature." (*Id.* at 16; *see supra* n. 2.)

The Court agrees with Medtronic that the Offer Letter, Employee Agreement, and Repayment Agreement should be read together as one contract. They were executed on the same date, for the same purpose, and relate to the same transaction: the terms of Gannon's employment with Medtronic. *See Marso*, 153 N.W.2d at 288-89. The language of the Offer Letter, which expressly conditions Gannon's employment on his execution of the Employee Agreement and Repayment Agreement, strongly supports this finding. *See Kiland*, 2011 WL 3035088, at *3 (reading two documents together, in part, because entering into both "was a condition of guaranteed employment and compensation"); *ARCA of St. Louis, Inc. v. Fritz*, No. C7-98-919, 1998 WL 695227, at *1-2 (Minn. Ct. App. Oct. 6, 1998) ("The plain language of each agreement indicates that the parties intended to execute them in conjunction with each other.").

When he signed the Offer Letter, Gannon agreed to be bound by the sales guarantee plan, as outlined in the Offer Letter, and also by the Employee Agreement and Repayment

9

Agreement. (Notice of Removal, Ex. 1, pt. 1, at 61.) As Medtronic persuasively argued in the motion hearing, "When he accepted it, the Offer Letter became the contract itself." Indeed, Medtronic's claim against Gannon could be seen as arising from the Offer Letter as much as from the Repayment Agreement. The Offer Letter states: "Should you terminate from Medtronic while on a guarantee or within one year after the end of the Guarantee Period, you must pay back to Medtronic the difference between your calculated incentive compensation under the sales compensation plan and your guarantee payments during the Guarantee Period." (*Id.*)

Further, the forum selection clause in the Employee Agreement encompasses all disputes "arising out of *or related to* this Agreement." (*Id.* at 57 (emphasis added).) Because the words "arising out of" must mean disputes about the terms of the Employee Agreement—that is, confidentiality, restrictive covenant, etc.—the words "or relating to" must mean something else. *See Fortune Funding, LLC v. Ceridian Corp.*, 368 F.3d 985, 987 (8th Cir. 2004) (interpreting a contract to "avoid an interpretation that renders a clause meaningless" (citing *Oleson v. Bergwell*, 283 N.W. 770, 772-73 (Minn. 1939)). Medtronic's claim may be considered "related to" the Employee Agreement because it arises from the employment relationship that the three documents together represent. At the same time, the choice of law provision in the Employee Agreement applies only to "the validity, enforceability, construction and interpretation of this Agreement." (Notice of Removal, Ex. 1, pt. 1, at 57.) Thus, Gannon's concern that enforcing the forum selection

10

clause would disrupt his Massachusetts law claim is misplaced. The choice of law provision lacks the broad language that makes the forum selection clause applicable here.

Gannon emphasizes § 8.4 of the Employee Agreement, which states that the Agreement shall not "affect[]" any Medtronic compensation plan. (*Id.* at 58.) But the forum selection clause does not affect a Medtronic compensation plan here. That is, it does not alter Gannon's rate of pay, vacation time, or other aspects of his compensation. It only requires that he litigate any claims arising from the contract—including those involving compensation—in the Minnesota state courts. A natural reading of § 8.4 does not prevent application of the forum selection clause here.

Gannon also argues that the Court cannot look to the Offer Letter and Employee Agreement unless it finds the Repayment Agreement ambiguous. (*See* Def.'s Mem. in Supp., at 11-12 (citing *Express Diagnostics, Inc. v. Phamatech, Inc.*, No A13-2156, 2014 WL 4056031 (Minn. Ct. App. Aug. 18, 2014).). But as the Minnesota Court of Appeals stated in *Farrell v. Johnson*, "whether simultaneously executed documents will be read together is not contingent upon a finding of internal ambiguity. Ambiguity is simply one circumstance of many under which the trial court will be allowed to look outside the contract to ascertain the parties' intent." 442 N.W.2d at 807. As support, Gannon cites *Express Diagnostics, Inc. v. Phamatech, Inc.*, but that case is distinguishable. In *Express Diagnostics*, a forum selection clause encompassing "any claim . . . arising out of or relating to this agreement" was held to not apply to an earlier agreement between the same parties. 2014 WL 4056031, at *1-2. But the earlier agreement was executed six months before the

agreement containing the forum selection clause, and it governed a different kind of relationship between the parties. *Id.* Under those circumstances, application of the forum selection clause would not accord with the manifest intent of the parties. Here, it does.

The Court must look at all surrounding circumstances to determine whether the parties manifested an intent that the three documents be read together. *See Farrell*, 442 N.W.2d at 806-07. In light of the specific references to the Employee Agreement and the Repayment Agreement contained in the Offer Letter, and the broad language of the forum selection clause at issue, the Court concludes that the parties manifest intent was that the three documents be read together as one contract. Reading the three documents together, the forum selection clause applies to Medtronic's current claim against Gannon. Gannon has waived his right to remove to federal court, and the case must be remanded. Consequently, Gannon's Motion to Dismiss will be denied as moot.

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand [Doc. No. 13] is **GRANTED**;

2. Defendant's Motion to Dismiss [Doc. No. 4] is **DENIED AS MOOT**; and

3. The Clerk of Court is **DIRECTED** to furnish a certified copy of this Order to the clerk of Anoka County District Court, pursuant to 28 U.S.C. § 1447(c).


Dated: October 16, 2017               _____
                                      SUSAN RICHARD NELSON
                                      United States District Judge