UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and Medtronic, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Patrick B. Gannon,<br><br>Defendant. | Case No. 0:17-cv-00943 (SRN/FLN)<br><br>**MEMORANDUM OPINION AND ORDER** |

Jonathan S. Parritz, Melissa R. Muro LaMere, Wayne S. Moskowitz, and William Z. Pentelovitch, Maslon LLP, 90 South Seventh Street, Suite 3300, Minneapolis, Minnesota 55402, for Plaintiffs.

Anthony Barrett Haller and Leigh Ann Buziak, Blank Rome LLP, One Logan Square, 130 North Eighteenth Street, Philadelphia, Pennsylvania 19103, Mary L. Knoblauch, Anthony Ostlund Baer & Louwagie PA, 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant's Expedited Motion to Stay Remand Order Pending Appeal [Doc. No. 42] ("Motion to Stay"). For the reasons set forth herein, Defendant's motion is denied.

**I.  BACKGROUND**

The procedural background of this case is detailed in the Court's opinion granting Plaintiffs' motion to remand. *Medtronic Sofamor Danek, Inc. v. Gannon*, No. 17-cv-943,

2017 WL 4685041 (D. Minn. Oct. 16, 2017). Briefly restated, Defendant Patrick Gannon ("Gannon") left his employment with Plaintiffs Medtronic, Inc., Medtronic Sofamor Danek, Inc., and Medtronic Sofamor Danek USA, Inc. (collectively "Medtronic") and returned to his prior employer, DePuy Spine. (Notice of Removal, Ex. 1, pt. 1 [Doc. No. 1-1], at 23.) Medtronic brought suit in Anoka County District Court, raising several claims against Gannon and DePuy Spine. (*Id.* at 43-45.) The parties settled all claims but one, leaving Gannon the only remaining defendant. (*Id.*, pt. 3 [Doc. No. 1-3], at 115-123.)

With the dismissal of DePuy Spine from the case, Gannon removed to this Court on the basis of diversity jurisdiction. (Notice of Removal [Doc. No. 1].) He then moved to dismiss for lack of personal jurisdiction, and further moved for dismissal based on improper venue or transfer to the federal district court for the District of Massachusetts. (*See* Def.'s Mem. in Supp. of Renewed Notice of Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Transfer [Doc. No. 6] ("Def.'s Mem. in Supp."), at 1.) Medtronic moved to remand to Anoka County District Court. (*See* Mem. in Supp. of Pl.'s Mot. to Remand to Anoka County District Court [Doc. No. 15] ("Pl.'s Mem. in Supp."), at 1-2.)

Medtronic's remand motion was based upon a forum selection clause in one of three contractual documents that Gannon executed at the beginning of his employment. *See Medtronic*, 2017 WL 4685041, at \*3. Gannon argued that Medtronic's claim against him arose from a different contract and that the forum selection clause should not be read to apply to this dispute. *Id.* The Court considered the parties' arguments and ruled, based on

well-settled principles of contract law, that the three contractual documents should be read together as one employment contract. *Id.* at *3-5. Accordingly, the Court found that the forum selection clause applied to this employment dispute and that Gannon had waived his right to remove to federal court. *Id.* at *5. The Court granted Medtronic's motion and ordered remand to Anoka County District Court. *Id.*

Gannon now moves for a stay of the Court's remand order pending his appeal to the Eighth Circuit Court of Appeals. (Motion to Stay; Def. Patrick Gannon's Mem. in Supp. of Expedited Mot. to Stay Remand Or. Pending Appeal [Doc. No. 44] ("Def.'s Mem."), at 1.) He argues that a stay is warranted because his appeal raises substantial and important legal questions about the Eighth Circuit's "clear and unequivocal" standard for waiver of the right to remand, and because proceeding with the case in Anoka County District Court would cause him irreparable harm. (Def.'s Mem., at 7-15.)

## II. DISCUSSION

Generally, orders remanding a case to the state court from which it was removed are not reviewable. 28 U.S.C. § 1447(d). A narrow exception applies for orders of remand not based on a procedural defect in the removal process or on a lack of subject matter jurisdiction. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995). Thus, there is no question that this Court's order of remand to Anoka County District Court, based upon a forum selection clause, is appealable to the Eighth Circuit Court of Appeals. *See Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Tr. Co.*, 640 F.3d 821, 825 (8th Cir. 2011).

Federal Rule of Appellate Procedure 8(a)(1) requires that a motion to stay an order pending appeal must first be made in the district court.

In considering a motion to stay an order pending appeal, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).[1] "The most important factor is the appellant's likelihood of success on the merits." *Brady*, 640 F.3d at 789. The party seeking a stay bears the burden of establishing its propriety. *See Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* (quoting *Virginian*, 272 U.S. at 672-73).

---

[1] These factors apply in the same way where, as here, a party seeks to stay an order remanding a case to the court from which it was removed. *See Lundeen v. Canadian Pac. Ry. Co.*, No. 04-cv-3220, 2005 WL 775742, at *3 (D. Minn. Apr. 6, 2005); *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 712 (5th Cir. 2015).

### A. Likelihood of Success on the Merits

Gannon argues that his appeal raises a substantial legal question as to the application of the Eighth Circuit's "clear and unequivocal" standard for waiver of the right to remand. (Def.'s Mem., at 7.) Gannon asserts that this Court incorrectly applied a less stringent standard when it looked to contract principles and extrinsic evidence to determine whether the three contractual documents that Gannon signed should be read together. (*Id.* at 9-10.) Gannon misunderstands this Court's ruling.

"Waiver of the right to remove must be 'clear and unequivocal.'" *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989) (citation omitted). In *Valspar Corp. v. Sherman*, this Court held that a forum selection clause with very similar language to the one in Gannon's contract constituted a clear and unequivocal waiver of the right to remove. 211 F. Supp. 3d 1209, 1211-14 (D. Minn. 2016); *see Medtronic*, 2017 WL 4685041, at *3. Gannon has not disputed that the language of the forum selection clause, if applicable, is a valid waiver. (Reply Mem. in Supp. of Def.'s Renewed Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, to Transfer [Doc. No. 28], at 7 ("Medtronic first argues that the forum selection clause is a valid and enforceable provision. . . . Gannon does not contend to the contrary; indeed, Gannon litigated Medtronic's claims against him under the Employee Agreement in Minnesota state court and did not raise any issues with regard to the forum selection provision.").) So it is clear that if the forum selection clause is applicable to this dispute, it constitutes a "clear and unequivocal" waiver of Gannon's right to remove.

A separate question is whether the forum selection clause applies to Medtronic's claim under the circumstances. To determine whether the forum selection clause in one contractual document applies to Medtronic's claim under another contractual document, the Court must apply well-accepted principles of Minnesota contract law. *Medtronic*, 2017 WL 4685041, at *3-5. To the extent that Gannon argues that this analysis violated the "clear and unequivocal" standard, or adopted some sort of minority standard, Gannon is incorrect. The "clear and unequivocal" standard concerns the language of the purported waiver in the forum selection clause. *See, e.g.*, *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1081-82 (8th Cir. 2005) (deciding, based on the language of forum selection clause, that it was a clear and unequivocal waiver of the right to remove). And it is undisputed that the forum selection clause at issue here has clear language waiving the right to remove.

Once the Court determines that a forum selection clause constitutes a clear and unequivocal waiver of the right to remove, the Court must evaluate whether it is applicable to the dispute at hand. *See Bos. Sci. Corp. v. Kiland*, No. 10-cv-4053, 2011 WL 3035088, at *3 (D. Minn. July 25, 2011) (applying state contract principles to find that two documents with conflicting forum selection clauses should be read together, making neither clause mandatory); *ARCA of St. Louis, Inc. v. Fritz*, No. C7-98-919, 1998 WL 695227, at *2-3 (Minn. Ct. App. Oct. 6, 1998) (applying state contract principles to find two documents should be read together, making forum selection clause applicable to the dispute).

6

Gannon further argues that, because "there is at least one other district court decision that is contrary to the Court's conclusion in the Remand Order," he is likely to succeed on the merits of his appeal. (Def.'s Mem., at 2.) But the case Gannon relies upon, *RK Dixon Co. v. Dealer Marketing Services, Inc.*, 284 F. Supp. 2d 1204 (S.D. Iowa 2003), is not contrary to this Court's decision to remand. In *Dixon*, the parties were a computer network consultant and a software service provider who had entered two contracts together: a 2000 contract governing network maintenance, consulting, and support services and a 2003 contract governing disaster recovery services. 284 F. Supp. 2d at 1206-07. Relying on well-settled principles of contract law, the court determined that the forum selection clause from the 2000 contract did not apply to a claim arising from the 2003 contract. *Id.* at 1211.

In contrast, the contractual documents at issue in Gannon's case were all executed on the same day, and all governed the same subject matter—Gannon's employment with Medtronic. *See Medtronic*, 2017 WL 4685041, at *2-3. These circumstances warranted reading the contracts together. *See, e.g.*, *Marso v. Mankato Clinic, Ltd.*, 153 N.W.2d 281, 288-89 (Minn. 1967) ("[I]nstruments executed at the same time, for the same purpose, and in the course of the same transaction are, in the eyes of the law, one instrument and will be read and construed together unless the parties stipulate otherwise."). The same circumstances were not present in *Dixon*. 284 F. Supp. 2d at 1206-07. Thus, *Dixon* does not support Gannon's argument that he is likely to succeed on the merits.

Gannon has failed to make a "strong showing" of likelihood of success on the merits. *Brady*, 640 F.3d at 789 (quoting *Hilton*, 481 U.S at 776). The weakness of this

factor alone is enough reason to deny the motion for a stay. *See id.* ("The most important factor is the appellant's likelihood of success on the merits.").

### B. Irreparable Injury

Even if Gannon could show a likelihood of success on the merits, he has not shown that he will suffer irreparable harm unless the remand is stayed. Gannon states that litigating the claim in Minnesota will deprive him of his right as a Massachusetts citizen to have his Massachusetts Wage Act claim decided in a Massachusetts court. (Def.'s Mem., at 14.) But he cites no authority for the existence of that right. Instead, he cites a case which states that a forum selection clause cannot deprive a Massachusetts citizen of the *substantive rights* afforded by the Massachusetts Wage Act. *See Melia v. Zenhire, Inc.*, 967 N.E.2d 580, 590 (Mass. 2012). The court further stated that "nothing in the Wage Act's text or structure suggests that enforcement must always be available in Massachusetts." *Id.* at 587. Minnesota state courts are capable of applying the Massachusetts Wage Act in Gannon's case. And Gannon currently has a Massachusetts Wage Act claim against Medtronic pending in Massachusetts, as well. *See Medtronic*, 2017 WL 4685041, at *2 n.2.

Gannon next argues that he will be irreparably harmed by the cost and inconvenience of duplicative litigation in several fora. (Def.'s Mem., at 15.) He further asserts that allowing the state court action to proceed while he appeals the remand would render his right to an appeal hollow. (*Id.* at 15-16.) But cost, inefficiency, and inconvenience do not amount to the "certain and great" harm that must justify a stay. *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 425 (8th Cir. 1996); *see Lundeen v. Canadian Pac. Ry. Co.*, No. 04-cv-3220, 2005

WL 775742, at *3 (D. Minn. Apr. 6, 2005) (rejecting as "speculative" the argument that discovery and pre-trial proceedings in the state court would be "wasted" if the remand order is reversed).

"The first two factors of the traditional standard [for a stay] are the most critical." *Nken*, 556 U.S. at 434. Gannon has failed to demonstrate that he has a likelihood of success on the merits or that he will be irreparably harmed absent a stay. Thus, the Court need not reach the remaining factors.

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Expedited Motion to Stay Remand Order Pending Appeal [Doc. No. 42] is **DENIED**.


Dated: November 3, 2017            **s/ Susan Richard Nelson**
                                    SUSAN RICHARD NELSON
                                    United States District Judge

9